[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] NUNC PRO TUNC ENTRY
It is hereby ordered that the Decision Judgment Entry filed on June 23, 2000 shall be amended, nunc pro tunc, as follows:
Footnote eleven, which appears on page twenty-nine of the Decision and Judgment Entry, is hereby deleted.
The following material is hereby substituted for the above deleted footnote eleven:
Our holding in Wheeler, supra, illustrates the foregoing principle. In Wheeler, the plaintiff, an independent contractor, was engaged to remove and replace wires located on a pole jointly-owned by GTE. Prior to climbing the pole, the plaintiff followed established safety procedures to determine whether the pole was safe to climb. A red tag indicated that the pole was unsafe to climb. The plaintiff did not see a red tag on the pole. He continued with the safety measures by striking the pole with a wrench. The plaintiff determined that he could safely climb the pole. The pole, however, was in fact rotten, and the pole collapsed, causing the plaintiff's injury.
On appeal, we concluded that GTE could be held liable for the plaintiff's injury. We specifically recognized that the complete collapse of the pole was not a danger inherent in the plaintiff's task of climbing the pole. Our holding implied that the defendant, GTE, had assumed a duty to inspect the poles to see if they had rotted. If the pole was rotted, a red flag was placed upon the pole. The pole that the plaintiff climbed did not have a red flag.
To the extent that our Wheeler decision appears to conflict with the case at bar, we believe that Wheeler also tends to demonstrate active participation on GTE's part.
The remainder of the Decision and Judgment Entry shall remain as originally released.
All Judges Concur in Nunc Pro Tunc Entry.
 _____________________ Peter B. Abele, Judge